# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LISA ANN BUTLER                                                                                    PLAINTIFF

V.                              CASE NO. 3:19-CV-106-KGB-BD

CRAIGHEAD COUNTY JAIL, *et al.*                                                           DEFENDANTS

## ORDER

Dana M. Presley, a detainee in the Craighead County Detention Facility, filed this lawsuit on behalf of herself and three other detainees: Lisa Ann Butler,[1] Billie Jo Cossey, and Pauline Lomax. (Docket entries #1, #3) In accordance with Court policy, each Plaintiff's claims were filed as a separate lawsuit. (#2) Ms. Butler has now filed a second amended complaint, as directed by the Court. (#6)

In her second amended complaint, Ms. Butler claims: unconstitutional conditions of confinement; denial of medical treatment by Defendant Black; and verbal mistreatment by Defendant Carmichael at the Detention Facility. The only individuals Ms. Butler names in her second amended complaint are Nurse Black and Sandy Carmichael. She does not indicate which Defendant (if either) was responsible for moldy showers, plumbing problems, or ant infestation.

Ms. Butler has arguably stated a constitutional claim against Nurse Black for allegedly failing to provide adequate medical care; however, on the complaint form, Ms. Butler has indicated that she is suing the Defendants in their official capacities only.

---

[1] In the original complaint, Ms. Butler's name was misspelled "Buttler." The Clerk of Court is directed to correct Plaintiff's name on the docket sheet to Lisa Butler.

Because Defendants are employees of Craighead County, the official-capacity claims are, in effect, claims against the County. Official-capacity claims are appropriate only where defendants allegedly violated a detainee's right by carrying out a County policy or custom. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Here, there is no allegation that the Defendants violated Ms. Butler's rights by following a Craighead County policy or custom.

Ms. Butler will have one more opportunity to amend her complaint. She must make clear whether she is suing Defendants in their individual capacities or in their official capacities, or both. For official-capacity claims, Ms. Butler must state the County policy or custom that caused Defendants to violate her rights. For individual-capacity claims, she must explain how each Defendant violated her federally protected rights.

Ms. Butler is advised that the allegation that Ms. Carmichael was verbally abusive, even if true, is not conduct that rises to a constitutional level. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("[v]erbal abuse is normally not a constitutional violation").

Ms. Butler has thirty days to amend her complaint. Her failure to do so may result in the dismissal of some, or all, of her claims, without prejudice.

IT IS SO ORDERED, this 16th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE