IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LISA ANN BUTLER**                                                                                   **PLAINTIFF**

**V.**                            **CASE NO. 3:19-CV-106-KGB-BD**

**CRAIGHEAD COUNTY JAIL,** *et al.*                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Ms. Butler may file written objections with the Clerk of Court. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Ms. Butler does not file objections, she risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Discussion**

Dana M. Presley, a detainee in the Craighead County Detention Facility, filed a lawsuit on behalf of herself and three other detainees: Lisa Ann Butler, Billie Jo Cossey, and Pauline Lomax. (Docket entries #1, #3) In accordance with Court policy, each Plaintiff's claims were filed as a separate lawsuit. (#2) After the Court granted Ms. Butler's motion to proceed *in forma pauperis*, Ms. Butler filed a second amended complaint, as directed by the Court. (#6)

In her second amended complaint, Ms. Butler claimed: unconstitutional conditions of confinement; denial of medical treatment by Defendant Black; and verbal mistreatment by Defendant Carmichael at the Detention Facility. The only individuals Ms. Butler named in her second amended complaint were Nurse Black and Sandy Carmichael. She did not indicate which Defendant (if either) was responsible for moldy showers, plumbing problems, or ant infestation.

On the complaint form, Ms. Butler indicated that she was suing the Defendants only in their official capacities. Because Defendants are employees of Craighead County, the official-capacity claims are, in effect, claims against the County. Official-capacity claims are appropriate only there are allegations that a defendant violated a detainee's right by carrying out a County policy or custom. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Here, there is no allegation that any Defendant violated Ms. Butler's rights by following a Craighead County policy or custom.

The Court explained the problems in the amended complaint in a May 16, 2019 Order and gave Ms. Butler one last opportunity to amend her complaint. In the May 16 Order, Ms. Butler was directed to state in a second amended complaint whether she intended to sue Defendants in their individual capacities, their official capacities, or both. (#7)

Ms. Butler was specifically cautioned that her failure to file a second amended complaint within thirty days could result in the dismissal of some, or all, of her claims, without prejudice. Local Rule 5.5. To date, Ms. Butler has failed to file a second amended complaint and the time to do so has passed.

## III. Conclusion

The Court recommends that Ms. Butler's claims be DISMISSED, without prejudice, based on her failure to comply with the Court's May 16, 2019 Order and her failure to prosecute this lawsuit.

DATED this 19th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE